Evans, Admr., Appellee, v. Freter et al., Appellants.

[Cite as Evans v. Freter, 20 Ohio App. 2d 8.]

(No. 998—Decided June 17, 1969.)

*Mr. Richard B. Musgrave*, for appellee.
*Mr. J. C. Heinlein, Jr.*, for appellants.

Rutherford, J. The facts in this case are not in dispute.

John C. Freter was born on March 10, 1938, and adopted by John C. Freter and Virginia Freter on October 29, 1938, in the Probate Court of Belmont County, Ohio.

The adopting father, John C. Freter, died September 17, 1939.

The adopting mother, Virginia Freter, a resident of Belmont County, Ohio, died February 21, 1947, leaving no spouse surviving her and the defendant John C. Freter, her adopted son, as her sole heir and next of kin.

Subsequent to the death of both of his adopting parents, John C. Freter, defendant, appellant herein, was adopted by Mary Agnes Freter, the sister of his adopting father, on January 12, 1948, in the Probate Court of Belmont County, Ohio.

Virginia Freter, the first adopting mother, was the daughter of Eva Evans, a deceased sister of the decedent, Cyrus Alter, Jr. Cyrus Alter, Jr., died intestate, a resident of Tuscaraws County, Ohio, on August 17, 1967, subsequent to the deaths of the first adopting parents, John C. Freter and Virginia Freter, also subsequent to the second adoption of John by Mary Agnes Freter. Cyrus Alter, Jr., left no parents, no surviving spouse and no children or their issue.

Does John Freter inherit under the statute of descent and distribution through Virginia Freter, his first adopting mother, from her uncle, John Alter, Jr., when following the death of the first adopting mother he was again adopted, by a person unrelated to Cyrus Alter, Jr., prior to the death of Cyrus Alter, Jr.?

Section 2105.06, Revised Code, provides in pertinent part:

"When a person dies intestate having title or right to any personal property or to any real estate or inheritance in this state, such personal property shall be distributed and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

"* * *

"(F) If there is no spouse, no children or their lineal descendants, and no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of the intestate, or their lineal descendants, per stirpes;

"* * * *"

Section 3107.13, Revised Code (129 Ohio Laws 1566), fixing legal rights after a final decree of adoption, as in effect on August 17, 1967, the date of death of Cyrus Alter, Jr., provided:

"Except in the case of a natural parent married to the adopting parent, the natural parents, if living, shall be divested of all legal rights and obligations due from them to the child or from the child to them, and the child shall be free from all legal obligations of obedience or otherwise to such parents. The adopting parents of the child shall

be invested with every legal right in respect to obedience and maintenance on the part of the child, and the child shall be invested with every legal right, privilege, obligation, and relation in respect to education and maintenance as if such child had been born to them in lawful wedlock. *For all purposes under the laws of this state, including without limitation all laws and wills governing inheritance of and succession to real or personal property, * * * a legally adopted child shall have the same status and rights, and shall bear the same legal relationship to the adopting parents as if born to them in lawful wedlock and not born to the natural parents*; provided:

"(A) Such adopted child shall not be capable of inheriting or succeeding to property expressly limited to heirs of the body of the adopting parents.

"(B) In case of adoption by a stepfather or stepmother, the rights and obligations of the natural parent who is the spouse of the adopting stepparent shall not in any way be affected by such adoption.

"This section does not debar a legally adopted child from inheriting, under a will identifying such child by any name by which he has been or is known or other clear identification, property of such child's natural parent or parents or other natural kin as in case of bequest or devise to any other person.

"*For the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents*, and shall cease to be treated as the child of his natural parents for the purposes of intestate succession, except where one of the natural parents of such child has died and his living parent remarries and such child is adopted by such stepfather or stepmother, in which case his right of inheritance from or through his natural parent or other natural kin shall not be affected by his adoption." (Emphasis added.)

Under the facts of this case, we need not consider any of the questions which might arise where an adoption or successive adoptions are by a stepfather or stepmother married to a natural parent of the child.

As applied to the facts of this case, the portions of Section 3107.13, Revised Code, *supra*, to which emphasis has been added by this court, seem sufficiently clear not to need further explanation.

If John C. Freter could inherit from or through his first adopting parents after the second adoption, likewise in the event of his death, intestate, without spouse, children, or their issue, his estate would descend not just to his parents by the second adoption, who are his parents as of the time of his death, but also to those claiming to be parents under the previous adoption which has been terminated. We are unable to construe the statute in a manner which would require this conclusion for which no provision is made.

It is our finding that the provisions of Section 3107.13, Revised Code, preclude an adopted child, who has again been adopted subsequent to the deaths of the first adopting parents and prior to the death of an ancestor of a first adopting parent, from inheriting under the statute of descent and distribution through the first adopting parent from the first adopting parent's ancestor who died subsequent to the second adoption.

The judgment of the Probate Court adjudging John C. Freter, Jr., not to be an heir or next of kin of Cyrus Alter, Jr., deceased, and not to be entitled to inherit from Cyrus Alter, Jr., under the statute of descent and distribution is affirmed.

*Judgment affirmed.*

Van Nostran, P. J., and Putman, J., concur.